**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MIDWEST BANK NOTE COMPANY, INC.,**

                                **Plaintiff,**                    **10-CV-215A (Sr)**

v.

**PACIFIC BANCNOTE COMPANY, LLC.,**

                                **Defendant.**

---

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Currently before the Court is plaintiffs' motion for default judgment and sanctions. Dkt. #22. For the following reasons, it is recommended that plaintiffs' motion be granted.

**BACKGROUND**

Plaintiff commenced this action by filing a summons and complaint on March 12, 2010 seeking to enforce the terms and conditions of contracts for custom goods manufactured specifically for defendant which were delivered, but not paid for. Dkt. #1. Defendant answered the complaint and a Case Management Order was entered on July 6, 2010. Dkt. ##5 & 10. The deadlines in the Case Management Order were subsequently extended by Text Order entered November 24, 2010 and by Order entered March 1, 2011. Dkt. ##17-18.

By Order entered May 26, 2011, the Court granted the motion of Jaeckle Fleischmann & Mugel, LLP to withdraw as counsel of record for the defendant. Dkt. #20. In support of the motion, defendant's counsel, Dennis K. Schaeffer, declared that defendant had advised that it "is not prepared to participate in the pending discovery proceedings in this matter and no longer wishes to engage [Jaeckle Fleischmann & Mugel, LLP] in order to represent its interests in this action." Dkt. #20, ¶ 4. In it's Order granting the motion, the Court recognized that defendant could not appear pro se,[1] directed defendant to retain new counsel, set a deadline of June 17, 2011 for counsel to file a notice of appearance and forewarned defendant that it's failure to comply with the Court's Order would cause the undersigned to recommend, upon motion by plaintiff, the entry of default pursuant to Fed. R. Civ. P. 55. Dkt. #21. The Order was served upon defendant Pacific Bancnote Company, LLC at its corporate address *via* United States mail. Counsel has not appeared as directed nor has defendant contacted the Court to request additional time to retain new counsel.

By Notice of Motion dated June 9, 2011, plaintiff moved for sanctions and default judgment pursuant to Rules 16(f) and 37(b) of the Federal Rules of Civil Procedure. Dkt. #22. In support of the motion, plaintiff advised that defendant had not responded to discovery demands served March 1, 2011 despite repeated attempts to obtain responses. Dkt. #22-1.

**DISCUSSION AND ANALYSIS**

Although plaintiff moves pursuant to Rules 16(f) and 37(b) of the Federal Rules of Civil Procedure, "Federal Rule of Civil Procedure 55 is the basic procedure to

---

[1] *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (It is well settled that corporations cannot appear *pro se)*.

be followed when there is a default in the course of litigation." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  This Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).[2]  Although the typical Rule 55 case is one in which a default has entered because a defendant failed to timely answer, the Court of Appeals for the Second Circuit has acknowledged a district court's authority to enter a default against a defendant that has failed to "otherwise defend" by *inter alia*, failing to proceed with discovery, dismissing counsel or failing to comply with a court order directing a corporation to retain counsel.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (collecting cases).

      Defendant has ceased to defend this action.  Discovery demands have remained outstanding since March 1, 2011.  Counsel moved to withdraw from representation of defendant on the ground that defendant refused to participate in discovery.  Defendant disobeyed the Court's Order directing it to obtain new counsel by June 17, 2011 and has had no contact with the Court requesting an extension of the deadline to do so despite being warned that the consequences of its failure to comply with the Court's Order would be entry of default.  Accordingly, it is recommended that plaintiff's motion for entry of default be granted.

---

[2] In accordance with Fed. R. Civ. P. 55(b), following the entry of default and upon application by the party seeking judgment, the court will conduct an inquiry, by hearing or affidavit, to ascertain the amount of damages with reasonable certainty.  See *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## **CONCLUSION**

For the foregoing reasons, it is recommended that plaintiff's motion for entry of default be granted.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  See, e.g., *Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify

the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

        **SO ORDERED.**

DATED:    Buffalo, New York
             December 7, 2011

                                        <u>s/ H. Kenneth Schroeder, Jr.</u>
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**